**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**BARBARA LUIDER and EDWARD LUIDER,**

    Plaintiffs,

v.                                      Case No:5:12-CV-45-Oc-10PRL

**IVAN STOYNEV, CRESTA LOGISTICS, INC., G&N LOGISTICS, INC. and STATE FARM FIRE AND CASUALTY COMPANY**

    Defendants.

## ORDER

This matter is before the Court on Defendant's Motion to Compel Regarding Plaintiff's Response to Supplemental Request for Production (Doc. 26) filed on October 5, 2012.

Defendant, G & N Logistics, Inc. moves the Court to compel Plaintiff, Barbara Luider to respond to Defendant's Supplemental Request for Production which was propounded on August 31, 2012. In response, Plaintiff contends that the instant motion is moot because she served her response to the Supplemental Request for Production on October 12, 2012.

While the Court agrees that there is no further need to compel Plaintiff's response to the discovery request, Defendant also seeks recovery of its reasonable expenses in bringing the motion pursuant to Rule 37(a)(5)(A).[1] Where, as here, the requested discovery is provided after the motion was filed, the Court is required to award the fees and expenses incurred in filing the

---

[1] See Fed. R. Civ. P. 37(a)(5)(A)("if [a motion to compel discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court *must* . .. require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees . . ."(emphasis added).

- 2 -

motion unless the Court determines that the motion was filed without the moving party having made a good faith effort to obtain the discovery without court action or the Court determines that the response of the non-moving party was substantially justified or if other circumstances make an award of expenses unjust.

Here, defense counsel does not represent that he actually communicated with Plaintiff's counsel – by telephone, email or otherwise -- prior to filing the instant motion. Defense counsel simply states that he has "attempted to contact counsel for the Plaintiff regarding this discovery issue but to date has been unsuccessful." Doc. 26 at 3. Under these circumstances, the Court finds that reimbursement for the fees and expenses incurred in preparing and filing the instant motion is not justified. Accordingly, Defendant's Motion to Compel (Doc. 26) is due to be **DENIED.**

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on October 17, 2012.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties