UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**BARBARA LUIDER and EDWARD LUIDER,**

    **Plaintiffs,**

v.                                                         Case No: 5:12-CV-45-Oc-10PRL

**IVAN STOYNEV, CRESTA LOGISTICS, INC., G&N LOGISTICS, INC. and STATE FARM FIRE & CASUALTY COMPANY**

    **Defendants.**

## ORDER

This matter is before the Court on Defendant's Renewed Motion to Compel Regarding Plaintiff's Response to Supplemental Request for Production. (Doc. 29). After reading the Motion and Plaintiff's response thereto (Doc. 30), as well as the initial motion to compel (Doc. 26), it is readily obvious that counsel for Defendant, G & N Logistics, Inc. has failed to comply with the requirements of M.D. Fla. Local Rule 3.01(g), which this Court takes very seriously.

Rule 3.01(g) provides that "[b]efore filing any motion in a civil case . . . the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion." The Rule clearly states that a "certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer." Accordingly, this Rule imposes a mandatory requirement that counsel confer with opposing counsel before filing a motion with this Court. This is not a permissive requirement and is more than simply trying to contact opposing counsel. It means actually communicating with counsel by telephone, email or other correspondence.

- 2 -

In both the initial and renewed motions to compel, counsel for Defendant represents that he has attempted to contact Plaintiff's counsel with no success. This means that he has filed two motions to compel without even talking to opposing counsel.  In the instant motion, Defendant asks the Court to compel Plaintiff, Barbara Luider to produce income tax returns for the calendar years 2007 and 2008.  In response, Plaintiff represents that she does not have these tax returns in her possession and that she has provided Defendant with two signed IRS Forms 4506 so that Defendant can obtain the tax returns directly from the Internal Revenue Service.  It seems likely that this discovery dispute could have been resolved easily had counsel conferred as contemplated by Local Rule 3.01(g).

Accordingly, Defendants' Renewed Motion to Compel (Doc. 29) is **DENIED** without prejudice for failure to comply with Local Rule 3.01(g).

**DONE** and **ORDERED** in Ocala, Florida on October 31, 2012.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties